Citation Nr: 1443656 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 09-03 632 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to a disability rating in excess of 10 percent for the period prior to November 23, 2009, and in excess of 30 percent for the period beginning January 1, 2011, for chondromalacia of the right knee. 

2. Entitlement to a disability rating in excess of 10 percent for the period prior to January 10, 2011, and in excess of 30 percent for the period beginning March 1, 2012, for chondromalacia of the left knee. 

3. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: North Carolina Division of Veterans Affairs



ATTORNEY FOR THE BOARD

G. Wasik, Counsel


INTRODUCTION


The Veteran had active duty service from July 1979 to January 1982 and from August 1983 to March 1985. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a March 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico. Jurisdiction of the case was subsequently returned to the VA RO located in Winston-Salem, North Carolina. 

When this case was last before the Board in December 2012, it was decided in part and remanded in part.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 

The record before the Board consists solely of electronic records within Virtual VA and the Veterans Benefits Management System.


REMAND

The Veteran is claiming entitlement to a TDIU. Generally, to be eligible for a TDIU, if there is only one service-connected disability, it must be rated at 60 percent or more; and if there are two or more service-connected disabilities, there must be at least one disability rated at 40 percent or more and sufficient additional disability to bring the combined rating to 70 percent or more. For these purposes, when determining whether there is one 60 percent disability, or one 40 percent disability in combination, the following will be considered as a single disability, as pertinent to his case: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable; (2) disabilities resulting from common etiology or a single accident; (3) disabilities affecting a single body system; or (4) multiple injuries incurred in action. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

Service connection is currently in effect for chondromalacia of the knees, each knee rated as 30 percent disabling; for history of urticaria and angioedema, rated as 10 percent disabling; and posttraumatic stress disorder (PTSD), rated as 10 percent disabling. 

The Veteran has not been provided with a VA examination which addresses the combined impact of all of his service-connected disabilities on his ability to obtain and maintain substantially gainful employment. Such an opinion is required to accurately adjudicate the TDIU claim. 

The increased rating claims for the knees are inextricably intertwined with the TDIU claim. 

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

1. The RO or the AMC should undertake appropriate development to obtain any outstanding evidence pertinent to the Veteran's claims.

2. Thereafter, the RO or the AMC should arrange for the Veteran to be scheduled for a VA examination by an examiner with sufficient expertise to ascertain the severity and manifestations of his service-connected knee disabilities. All pertinent evidence of record should be made available to and reviewed by the examiner. 

Any evaluations, studies, and tests deemed to be necessary should be accomplished. 

The RO or the AMC should ensure that the examiner provides all information required for rating purposes.

3. The RO or the AMC also should arrange for the Veteran to be scheduled for a VA examination by an examiner or examiners with sufficient expertise to determine the impact of all of the service-connected disabilities on the Veteran's employability. All pertinent evidence of record should be made available to and reviewed by the examiner(s). 

Any evaluations, studies, and tests deemed to be necessary should be accomplished. 

The examiner or examiners should state an opinion as to whether the Veteran's service-connected disabilities are sufficient by themselves to preclude him from obtaining or maintain any form of substantially gainful employment consistent with his education and occupational background.

The rationale for all opinions expressed must also be provided. If the required opinion cannot be provided, the examiner should explain why.

4. The RO or the AMC should also undertake any other development it determines to be warranted.

5. Then, the RO or the AMC should readjudicate the Veteran's claims. If any benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be provided a supplemental statement of the case and the requisite opportunity to respond before the case is returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

As noted above this case has been advanced on the Board's docket. It must also must be handled in an expeditious manner by the RO or the AMC. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).